15-3454-cr(L)
United States v. Garner

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand twenty-two.

PRESENT:  GUIDO CALABRESI,
          RAYMOND J. LOHIER, JR.,
          RICHARD J. SULLIVAN,
                    *Circuit Judges*.

---

UNITED STATES OF AMERICA,

        *Appellee*,

     v.                                    No. 15-3454-cr (L),
                                                  No. 21-472-cr (Con)

JOHN GARNER,

        *Defendant-Appellant*.*

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT: Benjamin Silverman, Law Office of Benjamin Silverman, New York, NY[1]

FOR APPELLEE: Matthew R. Shahabian, Danielle R. Sassoon, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court in No. 21-472-cr is AFFIRMED and the appeal in No. 15-3454-cr is DISMISSED as moot.

John Garner appeals from a February 11, 2021 judgment of the District Court (Engelmayer, J.) resentencing him principally to 110 months in prison for his participation in a conspiracy to commit Hobbs Act robbery.[2]  In February

---

[1] Garner was initially represented by Anthony L. Ricco, who then moved to be relieved as counsel in July 2021.  See 2d Cir. No. 15-3454-cr, ECF Doc. 139.  We granted the motion and appointed new counsel pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A.  See 2d Cir. No. 15-3454-cr, ECF Doc. 145.

[2] This action consolidates two appeals, No. 15-3454-cr and No. 21-472-cr.  Through his first appeal, No. 15-3454-cr, Garner challenged his original judgment of conviction and sentence entered on October 14, 2015, asking us to vacate both his original sentence and

2

2015 Garner pleaded guilty to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and possession of a firearm in furtherance of that conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). In October 2015 the District Court sentenced him principally to 140 months in prison, and Garner appealed. While that appeal was pending, the District Court, on the joint application of the parties, vacated Garner's § 924(c) conviction and dismissed the count in view of the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019). The District Court subsequently resentenced Garner based solely on his earlier guilty plea to Hobbs Act robbery conspiracy. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

Garner challenges his resentencing as procedurally unreasonable. We review a sentence for procedural reasonableness under a "deferential abuse-of-

---

his conviction on Count Two of the indictment against him for possession of a firearm in furtherance of a conspiracy to commit Hobbs Act robbery. Though we never resolved Garner's first appeal — we temporarily stayed the action pending resolution of two related cases before our Court, see 2d Cir. No. 15-3454-cr, ECF Docs. 78, 86 — the District Court in February 2021 dismissed Garner's conviction on Count Two and conducted a de novo resentencing, see Supp. App'x 112. Garner's first appeal challenging his conviction and sentence on Count Two is therefore moot.

discretion standard." United States v. Castillo, 896 F.3d 141, 148 (2d Cir. 2018) (quotation marks omitted); see Gall v. United States, 552 U.S. 38, 41 (2007). As relevant here, in assessing procedural reasonableness, we focus "primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a)." Castillo, 896 F.3d at 148 (quotation marks omitted).

Garner argues that the District Court, in evaluating the Section 3553(a) factors and then imposing a sentence within the applicable Guidelines range, failed to consider his personal history and characteristics. In particular, Garner suggests that the District Court refused to consider his disadvantaged upbringing because of Section 5H1.12 of the Sentencing Guidelines, which provides that "[l]ack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds in determining whether a departure is warranted." U.S.S.G. § 5H1.12. This argument finds no support in the record. At Garner's resentencing, the District Court explicitly mentioned the "many sympathetic aspects" of "his history and characteristics, including his childhood, the fact that he had been the victim of violence, [and] mental health

4

challenges he has faced." Supp. App'x 99. The District Court also incorporated by reference its lengthy assessment of the Section 3553(a) factors from the original sentencing, where it noted the hardship Garner faced growing up, including that his "mother was a crack dealer," that he was sexually violated as a child, and that he was raised in a poor and dangerous neighborhood. App'x 105–06. At both sentencings, such factors led the District Court to impose a lower sentence than it would have in their absence. See App'x 105–06; Supp. App'x 99. To the extent that Garner wishes the District Court had placed greater emphasis on his personal history and characteristics, we decline to disturb the District Court's weighing of the Section 3553(a) factors, which was firmly committed to its discretion. See United States v. Capanelli, 479 F.3d 163, 165 (2d Cir. 2007).

More broadly, we disagree with Garner's suggestion that the District Court failed to "give full effect to the § 3553(a) factors." Appellant's Supp. Br. 17.[3]
Unless the record indicates otherwise, "we presume that the district court has

---

[3] Garner filed two supplemental briefs on appeal. Since the first concerned the appeal of his original conviction and sentence, which is now moot, the citation here refers to his second supplemental brief filed on October 14, 2021.

faithfully discharged its duty to consider" the statutory factors. United States v. Carr, 557 F.3d 93, 107 (2d Cir. 2009). Here, the record shows that the District Court considered the relevant factors, including those that weighed in favor of a reduced sentence. See App'x 99–108; Supp. App'x 100–05. Ultimately, on resentencing, the District Court concluded that the seriousness of the offense, which involved "putting a gun to the head of a baby while the mother watched," as well as the need for specific deterrence and to protect the community, could not justify a sentence lower than 110 months. Supp. App'x 104–05. This determination, based on a reasonable assessment of the Section 3553(a) factors, fell well within the District Court's discretion.

We have considered Garner's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court in No. 21-472-cr is AFFIRMED and the appeal in No. 15-3454-cr is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
